**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MERVIN ENGLISH, #N5183**                                        **PETITIONER**

**v.**                                        **CIVIL ACTION NO. 1:23-cv-69-TBM-FKB**

**DEREK MINGO,** *Warden*
*of Marion/Walthall County Correctional Facility*                **RESPONDENT**

<u>**MEMORANDUM AND ORDER OF DISMISSAL**</u>

This matter is before the Court *sua sponte*. *Pro se* Petitioner Mervin English brings this Petition [1] for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. English is presently incarcerated at the Marion County Regional Correctional Facility in Columbia, Mississippi. The Court, having liberally construed the pleadings in consideration with the applicable law, finds that this case should be dismissed.

**I. BACKGROUND**

On March 16, 2021, English pled guilty to felony transfer of a controlled substance and felony possession of a controlled substance (marijuana) in the Circuit Court of Harrison County, Mississippi. [1] at 1. As a result, the state trial court sentenced English as a habitual offender to serve ten years in the custody of the Mississippi Department of Corrections. *See id*. English files this § 2254 Petition challenging his sentence and the denial of parole eligibility. *Id*. at 5-6. English requests as relief the reduction of his sentence and eligibility for parole. *Id*. at 14.

The Court directed English to provide specific information regarding the exhaustion of his state remedies. *See* [6]. English filed his Response [10] on May 23, 2023. The Court is applying a liberal construction to English's filings. *See Leonard v. Deville*, 960 F.3d 164, 167-68 (5th Cir. 2020)

(citations omitted) (applying liberal construction to pro se litigant's grounds for habeas relief); *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.").

In English's Response [10], he once again states that he is challenging his sentence and the denial of parole eligibility. [10] at 2. On advice of English's attorney, English did not file a motion for post-conviction relief, but a motion for parole consideration in the sentencing state court. *Id.* at 1-2. English's request for parole consideration as provided in Mississippi Code Annotated § 47-7-3(1)(g)(iv) was denied by a state court judge.[1] *Id.* at 1; *see also* [1-2] at 1-3. To English's knowledge, a motion for post-conviction relief has not been filed. *Id.* at 2.

## II. DISCUSSION

When a prisoner is in custody pursuant to a state court judgment, federal habeas corpus relief is available "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A § 2254 Petition cannot be maintained unless the prisoner alleges the deprivation of some Constitutional or federal right." *Id.*; *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984).

English presents two grounds for habeas relief. [1] at 5-6. The first ground is that he qualifies for a sentence reduction from the five-year maximum sentence he is presently serving for possession and transfer of a schedule 1 narcotic (marijuana) to zero-to-three years based on a "new sentencing code." *Id.* at 5. The second ground is that English is eligible for parole because he has

---

[1] A state trial court judge's "denial of a recommendation to the [p]arole [b]oard for [a petitioner's] early release and/or parole, pursuant to section 47-7-3, 'fails to implicate an appealable judgment.'" *Shields v. State*, 223 So. 3d 809, 812 (Miss. Ct. App. 2017) (citations omitted).

"served more than 25% of the sentence as a non-violent offender." *Id.* at 6.

    A.    Request for sentence reduction

English's challenge to his state court sentence is properly presented in this § 2254 Petition. *See Stewart v. Cain*, 71 F. 3d 879, 879 (5th Cir. 1995) (noting that § 2254 applies when a prisoner is challenging the legality of state court conviction or sentence). However, pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008). This Court "may not adjudicate [English's] habeas petition unless all claims in the petition are exhausted." *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011).

To satisfy the exhaustion requirement, the substance of the federal claim must have been "fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004). A petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

English has an available state court remedy under the Mississippi Uniform Post-Conviction Collateral Relief Act. MISS. CODE ANN. § 99-39-1, *et seq*. This statute provides an avenue for an inmate to challenge his incarceration based upon a claim that "his conviction or sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi." *See* MISS. CODE ANN. § 99-39-5(1)(a); *see Smith v. State*, 291 So. 3d 1140, 1141 (Miss. Ct. App. 2020) (addressing inmate's challenge of his habitual sentence under the Mississippi Uniform Post-Conviction Collateral Relief Act).

English states in his Response to the Court's Order [6] for information regarding the exhaustion of his state remedies that on advice of his attorney he did not file a motion for post-conviction relief, but a petition for parole consideration. [10] at 1-2. English pled guilty and was sentenced on March 16, 2021. [1] at 1. English is within the three-year time period to file a motion for post-conviction relief. *See* Miss. Code Ann. § 99-39-5(2). English clearly has not exhausted the state court remedies available to him to challenge his sentence.

This Court is authorized to *sua sponte* dismiss a habeas petition that reveals on its face that the exhaustion requirement has not been met. *See, e.g. Bradshaw v. Hood*, No.1:14-cv-445-HSO-RHW, 2015 WL 372727, at *1 (S.D. Miss. Jan. 28, 2015) (dismissing, *sua sponte*, Section 2254 habeas petition for failure to exhaust state court remedies); *Davis v. Tripplet*, No. 4:10-cv-207-DPJ-FKB, 2011 WL 1085108, at *2 (S.D. Miss. Mar. 23, 2011) (same). Because English fails to demonstrate the exhaustion of his state remedies prior to filing his federal habeas petition, his challenge to his sentence will be dismissed, without prejudice. *See id.*

B.    Denial of parole eligibility

English filed a motion for parole consideration with the Circuit Court of Harrison County, Mississippi. [10] at 1-2; [1-2] at 1-3. After reviewing English's motion, that state court denied his motion. *Id.* Despite being heard on the issue, English argues the state court judge is wrong, and he is eligible for parole. [1] at 6. But parole is not a constitutionally recognized right. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). "A state prisoner's liberty interest in parole is defined

by state statue." *Bass v. Hall*, 692 F. App'x 207, 208 (5th Cir. 2017) (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 371, 107 S. Ct. 2415, 96 L. Ed. 2d 303 (1987)). So, whether English is eligible for parole is determined by Mississippi law. *See* § 47-7-3 MISS. CODE ANN.

Under Mississippi law, parole is discretionary and "prisoners in the state have no liberty interest in parole." *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). A prisoner that "has no liberty interest in obtaining parole . . . cannot complain of the constitutionality of procedural devises attendant to parole decisions." *Id.* at 312-13 (citing *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *see also Breshears v. Garrett*, 143 F. App'x 570, 572 (5th Cir. 2005) (affirming district court's dismissal of claim because "Texas prisoners had 'no constitutionally protected right to parole or a parole hearing'"). "Whether or not [English] is entitled to a parole hearing as a matter of Mississippi law, the discretionary nature of the state's parole system ends the federal due process inquiry." *Johnson v. Epps*, No. 3:17-cv-856-DPJ-FKB, 2020 WL 1339472, at *1 (S.D. Miss. Mar. 23, 2020) (citing *Wansley*, 769 F.3d at 313).

English's request for habeas relief based on the ground of parole eligibility fails to demonstrate a deprivation of any constitutional right and will be dismissed with prejudice. *See Dedeaux v. Turner*, No. 1:18-cv-263-HSO-RHW, 2019 WL 8755118, at *3 (S.D. Miss. Nov. 14, 2019), *report and recommendation adopted,* 2020 WL 1131488 (S.D. Miss. Mar. 9, 2020) (dismissing with prejudice a Section 2254 Petition based on claim of parole eligibility).

## III. CONCLUSION

The Court has considered the pleadings and applicable law. For the reasons stated, this Petition for habeas corpus relief based on the issue challenging English's sentence will be dismissed

without prejudice for failure to exhaust state remedies and the issue of parole eligibility will be dismissed with prejudice.

   **IT IS THEREFORE ORDERED AND ADJUDGED** that *pro se* Petitioner Mervin English's Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his sentence is **DISMISSED WITHOUT PREJUDICE** and his challenge to his parole eligibility is **DISMISSED WITH PREJUDICE**. A final judgment will enter in accordance with Rule 58 of the Federal Rules of Civil Procedure.

   **SO ORDERED AND ADJUDGED**, this the 28th day of August, 2023.


                  _____

                  TAYLOR B. McNEEL

                  UNITED STATES DISTRICT JUDGE